**BORDER EXPRESS, Inc. et al.**

v.

**UNITED STATES et al.**

Civ. A. No. 51-1028.

United States District Court
D. Massachusetts.

March 30, 1954.

James Julian Weinstein, Francis E. Barrett, Boston, Mass., for plaintiffs.

Herbert Brownell, Jr., Atty. Gen., Stanley N. Barnes, Asst. Atty. Gen., Willard R. Memler, James E. Kilday, John F. Baecher, William J. Hickey, Sp. Assts. to Atty. Gen., Anthony Julian, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., Boston, Mass., for the United States.

Edward M. Reidy, Chief Counsel, H. Neil Garson, Washington, D. C., for Interstate Commerce Commission.

Before MAGRUDER, Circuit Judge, and SWEENEY and WYZANSKI, District Judges.

MAGRUDER, Circuit Judge.

On August 24, 1950, the Interstate Commerce Commission, Division 5, upon a finding that present and future public convenience and necessity so required, issued an order granting an application by Cole's Express, a corporation of Bangor, Maine, to the extent of authorizing operation by the applicant, in interstate and foreign commerce, as a motor vehicle common carrier of general commodities (with exceptions noted) between specified points within the State of Maine.

The original complaint in this case, filed October 30, 1951, pursuant to 28 U.S.C. §§ 1336, 2321, 2325, by five motor carriers alleged to be competitors of Cole's Express "over some or all of the routes and within the same territory for which application was made to institute the proposed service", asked this court to set aside the said order of August 24, 1950, as unlawful and void. All of the plaintiffs appeared in the proceedings before the Commission as intervenors in opposition to the application by Cole's Express.

It appears that on the date the original complaint was filed, the order sought to be reviewed had already been supplanted, upon reconsideration, by an order of the Commission, Division 5, issued February 19, 1951, granting the application of Cole's Express, modified in certain details not now necessary to state. Plaintiffs, upon leave granted, amended their complaint to shift their attack to the said order of February 19, 1951. For present purposes we need not differentiate between the two orders.

■ It is a commonplace that the scope of judicial review in these cases is a narrow one, and that the courts must accord to the Commission a wide range of discretionary authority in determining when to issue certificates of public convenience and necessity to applicant motor carriers. See Interstate Commerce Commission v. Parker, 1945, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051; United States v. Detroit & Cleve-

land Navigation Co., 1945, 326 U.S. 236, 241, 66 S.Ct. 75, 90 L.Ed. 38; United States v. Pierce Auto Freight Lines, Inc., 1946, 327 U.S. 515, 534–536, 66 S.Ct. 687, 90 L.Ed. 821. As this court stated in C. E. Hall & Sons, Inc. v. United States, D.C.1950, 88 F.Supp. 596, 602: "The word 'necessity' in the broad statutory formula must not be taken too literally, especially in a case like the present, as implying that a transportation crisis of major proportions would ensue unless the application were granted. If that were the meaning, the use of the word 'convenience' would be an obvious superfluity."

■ On the basis of the administrative record in this case, we are satisfied that the findings in the Commission's report are amply supported by the evidence, and that these findings adequately support the order under review.

Section 207(a) of the Interstate Commerce Act, 49 U.S.C.A. § 307(a), under which Cole's Express applied to the Commission for a certificate, provides that such certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if the Commission finds that the applicant is fit, willing, and able properly to perform the service proposed and to conform to applicable statutory provisions and administrative regulations, "and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity".

The significant factor in the present case is that the Commission was not dealing with an application by a carrier desiring initial entry into the field. Upon the contrary, the operation authorized by the order in question covers a transportation service which Cole's Express already has been conducting for many years in the State of Maine as a carrier registered with the Interstate Commerce Commission under the second proviso of § 206(a) of the Interstate

Commerce Act, 49 U.S.C.A. § 306(a). That proviso reads:

"That this paragraph shall not be so construed as to require any such carrier lawfully engaged in operation solely within any State to obtain from the Commission a certificate authorizing the transportation by such carrier of passengers or property in interstate or foreign commerce between places within such State if there be a board in such State having authority to grant or approve such certificates and if such carrier has obtained such certificate from such board. Such transportation shall, however, be otherwise subject to the jurisdiction of the Commission under this chapter."

The operations in interstate commerce for which Cole's Express has been granted federal authority under § 207(a) are the same which it is presently conducting in the State of Maine, under the second proviso of § 206(a), by virtue of an annually renewable certificate from the Maine Public Utilities Commission. It is made clear in the evidence that Cole's Express is a large and successful motor carrier, of proven competence and financial responsibility. Plaintiffs do not challenge, and indeed could not successfully challenge, the statutory finding of the Commission in the present case, that Cole's Express is fit, willing, and able, financially and otherwise, to conduct the operations in question, and to conform to the requirements of the Interstate Commerce Act and to the Commission's rules and regulations thereunder.

Cessation in the future of the carrier service now being rendered by Cole's Express under certificate issued by the Maine Public Utilities Commission would undoubtedly produce a serious transportation inadequacy in the communities affected. This conclusion is reenforced by the fact that the plaintiffs herein stipulated on the record that they themselves have for some time been continuously following the practice, which they have found to be satisfactory, of utilizing Cole's Express as a connecting carrier in various interstate operations.

In these circumstances Cole's Express was not required to rest its operations upon the hazard of obtaining year by year a renewal of its certificate from the State Public Service Commission; it was entitled to apply for and obtain the greater assurance of stability for its operations in interstate commerce to be afforded by a certificate of public convenience and necessity issued by the Interstate Commerce Commission under § 207(a) of the Act. The Commission was well-justified in finding that Cole's Express "has been providing, and that a need exists for, the interstate service" covered by the order under review. As the Commission correctly stated in its report, the issuance of the certificate under § 207(a) for the rendition of such service "will not affect the operations of existing carriers but merely will permit applicant to continue to perform the same service it has rendered heretofore." In taking the action it did, in the present case, the Commission merely followed its earlier decisions; the situation presented was by no means a novel one. See, for instance, the discussion by the Commission in Lucas Motor Express, Inc., Common Carrier Application, Docket No. MC–56661 (Sub-No. 1), decided May 10, 1948 (48 M.C.C. 825); Barnett Eldridge and Paul Eldridge Common Carrier Application, Docket No. MC–89794 (Sub-No. 3), decided May 29, 1951 (52 M.C.C. 811).

■■ Applicant Cole's Express having sustained the burden of proof required under § 207(a), its application for a federal certificate is not to be denied merely because the applicant may have been motivated, in filing the application, by a desire to obtain certain benefits incidental to the changed status which it sought. It may be, as plaintiffs allege in their complaint, that the rules of the Commission prohibit the tacking of interstate operating authority on to intrastate operating authority un-

**26**

der the second proviso of § 206(a); and that a motivating factor for the present application by Cole's Express for a certificate under § 207(a) was to enable Cole's Express to extend its operations across state lines by purchasing a portion of the interstate operating authority of one McGary Transportation Co., Inc. The Commission properly held that such a motive on the part of Cole's Express was an irrelevant factor in the processing of the application under § 207(a). Of course the transfer and purchase of such operating authority now held by McGary Transportation Co., Inc., would require approval by the Interstate Commerce Commission in a separate proceeding, upon a specific finding that the transfer was in the public interest under § 5 of the Act, 49 U.S.C.A. § 5; and no doubt the present plaintiffs would be given a standing in such proceeding to protest the proposed transfer.

It also appears that Cole's Express has received requests to transport potatoes from points in Maine to points in New Hampshire and Canada, and that it desires to render such service under the agricultural commodity exemption provision of § 203(b) of the Act, 49 U.S.C.A. § 303(b), by the dedication of specific vehicles for this transportation; but Cole's Express has been apprehensive of jeopardizing its operations in interstate commerce under the second proviso of § 206(a) because of the multiple-state operations involved in this proposed potato transportation. This may have been an additional reason why Cole's Express was moved to apply for a certificate under § 207(a); but if so, that fact had no bearing on the proper disposition of the application, for the reason above indicated.

If the case were more doubtful on the merits than it is, we still would have been hesitant to set aside the Commission's order, in view of the lack of diligence on the plaintiffs' part in prosecuting this review proceeding.

A judgment will be entered dismissing the complaint.